**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

George C. Baker Trust Dated July 20, 2002,
George Cameron Baker and Susan Anne Baker
Petitioners Below, Petitioners

vs.) No. 21-0866 (Braxton County 20-AA-2)

Daniel C. Cooper, as Executor of the Estate of George C. Baker,
Respondents Below, Respondents

**MEMORANDUM DECISION**

Petitioners appeal the September 23, 2021, order of the Circuit Court of Braxton County affirming the June 3, 2021, order of the Braxton County Commission that denied a petition to remove respondent as executor of the estate of George C. Baker ("Mr. Baker" or decedent).[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

Petitioners filed a petition with the Braxton County Commission to remove respondent as the estate's executor, arguing that he breached his fiduciary duties to the estate. Respondent maintained he had discharged his fiduciary duties with reasonable care; noting that there was good cause for delays with the administration of the estate; claiming his removal was not in the best interest of the estate, as it would complicate the issues, prolong the administration, and cause unnecessary administrative expenses; and maintaining he has not been paid unreasonable compensation and is entitled to compensation that he has not yet charged to the estate. Further, respondent argued that petitioners filed the petition to prevent respondent from collecting a $1.4 million debt owed to the estate by J.C. Baker & Son, Inc.[2]

---

[1] Petitioners are represented by R. Terrance Rodgers and Charles W. Pace Jr. Respondents are represented by Daniel C. Cooper, Jamison H. Cooper, and Raymond W. Keener, III. Petitioners George Cameron Baker and Susan Baker are two of George C. Baker's children and are beneficiaries of petitioner trust.

[2] *See J.C. Baker & Son, Inc. v. Cooper,* No. 20-0338, 2021 WL 1614342 (Apr. 26, 2021) (memorandum decision) for pertinent background facts. In that action, respondent brought suit to enforce an agreement by J.C. Baker & Son, Inc. ("the company") to satisfy its stock purchase debt

(continued . . .)

The county commission denied the petition, finding that respondent was Mr. Baker's choice of executor, that removal of an executor was a drastic action, and that the preference of the testator should be honored. Petitioners appealed the county commission's decision to the circuit court on the grounds that the county commission erred in failing to find that respondent breached his fiduciary duties and in failing to order respondent to reimburse the estate "for various fees and expenses." The circuit court noted that the county commission only addressed removal of the executor and that is "the only issue before this [c]ourt." After initially remanding the matter to the county commission for detailed findings of fact and conclusions of law, the circuit court ultimately found that respondent should remain as executor and affirmed the decision of the county commission.

Petitioners raise nine assignments of error on appeal that fall into one of two categories: that the circuit court erred in concluding that respondent should not be removed as executor and that the circuit court's order was not based upon the evidence before the court. [3]

---

to the estate pursuant to a stock purchase agreement. The company took the position that the stock purchase debt was not an asset of the estate. The circuit court granted summary judgment to respondent and this Court affirmed the circuit court's judgment order for the amount of the debt. *Id.* Although petitioners were not parties to the stock purchase debt litigation, they attempted to intervene in the litigation. Moreover, petitioners did not file the petition to remove respondent until after respondent sought to collect the debt from the company.

[3] Petitioners argue: (1) the circuit court committed reversible error and abused its discretion in failing to reverse the county commission's denial of the petition because it, as well as the county commission, completely ignored extensive uncontradicted evidence which unequivocally proved Mr. Cooper was incompetent and failed to perform his clear duties, requiring removal under *Haines*; (2) the circuit court, as did the county commission, erroneously, and in an abuse of discretion, reached, and relied on, an erroneous conclusion of law when it disregarded Mr. Cooper's failure to oversee the accumulation of over $600,000 in attorney's fees because the fees had not been paid, wrongly concluding "no harm, no foul"; (3) the circuit court erred because it relied on non-existent evidence, demonstrating its misapprehension of critical facts, and misunderstood the grounds relied on by petitioners in seeking Mr. Cooper's removal as executor; (4) the circuit court clearly erred in considering evidence and events not in existence and/or not before the county commission, requiring reversal; (5) the circuit court erred and abused its discretion by relying on speculation and conjecture; (6) the circuit court's factually inaccurate statements regarding an order now on appeal in a separate administrative appeal before the circuit court must be voided as prejudicial; (7) the circuit court erred in addressing the June 3, 2021 order as that order both exceeded the mandate and considered evidence not in existence at the time of the April 17, 2020 order; (8) the circuit court erred in not finding that Mr. Cooper breached his fiduciary duty to settle the estate in five years and that his duties and authority expired therefore because he failed to notify the county commission, showing good cause why he has not settled the estate within five years; and (9) the circuit court erred in not addressing all of the relief requested in the petition.

Petitioners maintain that the circuit court misunderstood the material facts and incorrectly concluded that respondent should not be removed as executor.[4] Petitioners claim that respondent's deficiencies included his failure to: (1) ensure that a professional he hired on behalf of the estate filed estate tax returns for multiple years, resulting in expenses to the estate; (2) timely file annual estate settlement reports; (3) timely file the appraisal of the estate and non-probate asset inventory; and (4) oversee legal fees, allowing the fees to spiral out of control.[5]

"This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 1, *Haines v. Kimble*, 221 W. Va. 266, 654 S.E.2d 588 (2007) (citation omitted). Further, in *Haines*, we noted that a testator's desire that a particular person serve as executor should be afforded deference and should not be "set aside lightly." *Id.* at 274, 654 S.E.2d at 596.

Based upon our review of the appendix record, we find that the circuit court did not misunderstand material facts. Moreover, the court's findings of fact about respondent's competence and the discharge of his fiduciary duties are not clearly erroneous, especially where the record indicates that this was a complicated estate matter and respondent was hindered in his ability to discharge his duties until allocations of property and debt to the J.C. Baker Trusts were made and a valuation of the George Baker GST Non-Exempt Trust was determined. Moreover, consistent with our decision in *Haines*, the appellate record does not suggest any maladministration of the estate by respondent sufficient to remove respondent and overcome the deference that should be afforded to the decedent's selection of his estate's executor. Thus, we find that the circuit court did not abuse its discretion in concluding that the respondent should remain as executor.

Additionally, petitioners argue that the circuit court improperly considered matters beyond the county commission's ruling, including arguments of counsel, that were not supported by the evidence. Further, petitioners maintain that although the stock purchase debt was discussed in the hearing that does not mean all the evidence offered in that civil action now becomes evidence before the county commission. Respondent maintains that the circuit court was entitled to review

---

[4] Petitioners also argue that respondent should be removed as executor pursuant to West Virginia Code § 44-4-14a(d), because the estate was not settled within five years. However, contrary to petitioners' argument, this statute does not provide that a fiduciary is automatically discharged if the estate is not settled within five years.

[5] One of petitioners' arguments focuses on the attorney's fees charged to the estate and respondent's decision to appeal a ruling by the Braxton County Commission to place a ceiling on the attorney's fees which the estate attorneys could be paid. The circuit court declined to address the issue of whether the attorney's fees were reasonable as that issue was pending in a separate appeal. Instead, the circuit court "address[ed only] whether the [respondent] violated his fiduciary duties by appealing the Braxton County Commission's ruling on the attorney's fees and whether that was a breach of [respondent's] fiduciary duties that would justify removing the [respondent]." Inasmuch as the reasonableness of the attorney's fees was not considered by the circuit court, that issue is not before this Court.

the entire record before the county commission, including the evidence regarding the stock purchase debt litigation. We agree with respondent that the circuit court was entitled to consider the entire record, including the stock purchase debt litigation, inasmuch as this lawsuit was initiated by respondent to pursue the estate's largest asset. Moreover, as the circuit court noted, "[r]espondent was acting as he was required to do, when he initiated the collection of the [s]tock [p]urchase [d]ebt . . . . and [r]espondent had a duty to pursue that debt." Accordingly, we refuse to disturb the circuit court's order.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 6, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

4